James Robert CHASTAIN, Appellant,

v.

Nina Lee CHASTAIN, Respondent.

No. ED 77919.

Missouri Court of Appeals, Eastern District, Division Three.

June 12, 2001.

Dale E. Gerecke, Cape Girardeau, MO, for Appellant.

Allen E. Moss, Jr., Cape Girardeau, MO, for Respondent.

GEORGE W. DRAPER, III, Judge.

James Chastain (hereinafter, "Husband") appeals the trial court's judgment in his dissolution action against Nina Chastain [1] (hereinafter, "Wife") as to the division of marital property. Husband claims the trial court erred and abused its discretion in dividing the marital property equally in that it failed to take into consideration the substantial financial contribution made by Husband in acquiring marital assets as a result of his three personal injury awards. We affirm.

Husband and Wife were married on February 12, 1982, in Pine Bluff, Arkansas and moved to Missouri shortly thereafter. They separated on May 1, 1999. Husband was employed by Union Pacific Railroad or one of its predecessors since March 1978. Wife was employed as a part-time merchandiser during the last eight years of the marriage, and held other part time jobs in order to work forty hours per week.

Husband sustained three separate personal injuries during the course of his employment. All three claims were settled out of court, and Husband executed an employee's release of all claims document in each instance. Wife was not a party nor did she make any claims against the railroad for any damages resulting from Husband's injuries. The proceeds of Husband's three awards were used to obtain certificates of deposit and stocks, a new vehicle, purchase and remodel their marital residence, take vacations, and the remainder was deposited into their savings account.

The trial court entered its judgment on January 31, 2000. The court awarded each Husband and Wife approximately fifty percent of the marital property. The trial court did not make any specific finding of marital misconduct. Husband was ordered to pay rehabilitative maintenance to Wife for thirty-six months in the amount of $400 per month. Husband appeals.

1. Wife died during the pendency of this appeal and Wife's estate, through her personal representative, has been substituted as Respondent for purposes of appeal.

Husband's sole point on appeal claims the trial court erred and abused its discretion in equally dividing the marital property in that it failed to take into consideration the substantial financial contribution Husband made toward the accumulation of that property by using his personal injury awards. Husband suggests the trial court should have awarded him eighty percent of the property, leaving Wife with twenty percent in order to reflect Husband's substantial financial contribution in obtaining the property.

■ Pursuant to Section 452.330.1 RSMo (1995) the trial court shall divide the marital property and marital debts in such proportions as the court deems just after considering all relevant factors as enumerated therein. The trial court is vested with considerable discretion in dividing marital property, and this Court will only interfere when the division is so heavily weighted in favor of one party as to amount to abuse of discretion. *M.A.Z. v. F.J.Z.*, 943 S.W.2d 781, 786 (Mo.App. E.D.1997). Although the division of property need not be equal, it must be just and equitable. *Id.* Moreover, the failure of the trial court to expressly find the degree of contribution of the parties to the marital estate does not, in itself, support a finding that the court failed to consider their contributions as a relevant factor in making an award at dissolution. *Chiodini v. Chiodini*, 981 S.W.2d 155, 157 (Mo.App. E.D.1998).

■ Husband argues that if he were making a claim that these funds were his separate, nonmarital property he would prevail, relying on *Mistler v. Mistler*, 816 S.W.2d 241 (Mo.App. S.D.1991). However, Husband is not making that claim. Husband concedes the funds derived from his personal injury settlements were marital property and all property purchased therefrom was marital property. Husband presented no evidence that the trial court failed to consider the contributions of Husband to the accumulation of those marital assets, and therefore, we hold the trial court did not abuse its discretion in equally allocating the marital property between Husband and Wife.

The judgment of the trial court is affirmed.

GARY M. GAERTNER, SR., P.J., and LAWRENCE G. CRAHAN, J., concur.